KEKER, VAN NEST & PETERS LLP
LEO L. LAM - # 181861
llam@keker.com
KATIE LYNN JOYCE - # 308263
kjoyce@keker.com
WILLIAM S. HICKS - # 256095
whicks@keker.com
SONJA N. RILEY-SWANBECK - # 356281
sriley-swanbeck@keker.com
CATHERINA Y. XU - # 360205
cxu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff
COMCAST CABLE COMMUNICATIONS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NOVACLOUD LICENSING LLC,<br><br>　　　　　Defendant. | **Case No.**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT REGARDING NON-INFRINGEMENT OF U.S. PATENT NOS. 8,145,721; 8,949,206; AND RE47,612.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Comcast Cable Communications, LLC ("Comcast") by and through its attorneys, alleges against Defendant NovaCloud Licensing LLC ("NovaCloud") as follows.

## NATURE OF THE ACTION

1. This declaratory-judgment action seeks a determination that Comcast does not infringe any claim of any of the following patents: U.S. Patent No. 8,145,721 ("the '721 patent"); U.S. Patent No. 8,949,206 ("the '206 patent"); or U.S. Patent No. RE47,612 ("the RE'612 patent") (collectively, "the NovaCloud patents").

## PARTIES

2. Plaintiff Comcast Cable Communications, LLC is a Delaware limited liability company with its principal place of business at One Comcast Center, 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103.  Comcast Cable is a leading "MSO" (Multiple-System Operator) that provides cable television, internet, telephone, wireless mobile, and home security services to business and residential customers.  Comcast Cable provides networking solutions designed to deliver online media at scale.

3. On information and belief, Defendant NovaCloud Licensing LLC is a Delaware limited liability corporation with its principal place of business at 530 Lytton Avenue, 2nd Floor, #2104, Palo Alto, CA 94301.  NovaCloud's business primarily involves asserting patents against product companies, like Comcast.

4. NovaCloud has filed multiple patent-infringement actions against other MSOs and online media providers asserting the same NovaCloud patents, including an infringement action in the District of Delaware against Cox Communications, Inc. and an infringement action in the Eastern District of Texas against Charter Communications, Inc.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Comcast's claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  With respect to Comcast's declaratory-judgment claims, for the reasons set forth herein, there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a

1

declaratory judgment of non-infringement of the NovaCloud patents.

6.    This Court has personal jurisdiction over NovaCloud because NovaCloud's principal place of business is located within this District.  Venue is proper in this jurisdiction under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

### I.    The NovaCloud Patents

7.    On information and belief, NovaCloud owns or controls all substantial rights in the '721 patent, which is entitled "Bit Streams Combination of Downloaded Multimedia Files" and which issued on March 27, 2012.  A true and correct copy of the '721 patent is attached as **Exhibit A** to this Complaint.

8.    On information and belief, NovaCloud owns or controls all substantial rights in the '206 patent, which is entitled "System and Method for Creating Multiple Versions of a Descriptor File" and which issued on February 3, 2015.  A true and correct copy of the '206 patent is attached as **Exhibit B** to this Complaint.

9.    On information and belief, NovaCloud owns or controls all substantial rights in the RE'612 patent, which is entitled "Adaptive Ads with Advertising Markers" and which issued on September 17, 2019.  A true and correct copy of the RE'612 patent is attached as **Exhibit C** to this Complaint.

### II.     NovaCloud's Infringement Allegations Regarding the NovaCloud Patents

10.    Comcast brings this action for declaratory relief because there is a substantial controversy between Comcast and NovaCloud, two parties having adverse legal interests, of sufficient immediacy and reality to require a judicial declaration of the parties' legal rights.

11.    In a slew of recent lawsuits, NovaCloud has asserted the '721, '206, and RE'612 patents against numerous providers of online media streaming—including competitors and customers of Comcast, such as Cox Communications, Charter Communications, Amazon, Meta, and Google.  *See NovaCloud Licensing LLC v. Cox Commc'ns, Inc.*, Case No. 26-cv-00433 (D. Del.) (filed Apr. 15, 2026); *NovaCloud Licensing LLC v. Charter Commc'ns, Inc.*, Case No. 25-cv-01266 (E.D. Tex.) (filed Dec. 31, 2025); *NovaCloud Licensing LLC v. Amazon.com, Inc.*, 25-

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

6108734

cv-01272 (D. Del.) (filed Oct. 17, 2025); *NovaCloud Licensing LLC v. Meta Platforms, Inc.*, Case No. 25-cv-00674 (D. Del.) (filed May 30, 2025); *NovaCloud Licensing LLC v. Google LLC*, Case No. 26-cv-00035 (W.D. Tex.) (filed Feb. 2, 2026).

12.    Most recently, on April 15, 2026, NovaCloud filed suit in the U.S. District Court for the District of Delaware, accusing Comcast's customer and competitor, Cox Communications ("Cox"), of infringing the NovaCloud patents.  A true and correct copy of the Cox complaint is attached as **Exhibit D**.  In that case, NovaCloud specifically accuses Cox of infringing the '206 patent based on Cox's use of Comcast's Dynamic Ad Insertion ("DAI") technology.  *See* Ex. D, ¶ 28.  In addition, NovaCloud's claim charts for each of the asserted patents point to Cox's use of adaptive bitrate ("ABR") streaming technology.  ABR technology is widely used to optimize the quality of media streamed over variable-bandwidth networks such as the Internet.

13.    For example, in its infringement claim chart for the '206 patent, NovaCloud accuses Cox of infringement based, in part, on its use of "DAI technology from Comcast" and its use of the MPEG-DASH standard for ABR streaming.  *See* **Ex. E** (Cox Complaint, Ex. 5) at 1; *id*. at 3 (citing DASH[1] Streaming specification 2019, page 12).  Similarly, NovaCloud accuses Cox of infringing the RE'612 patent based, in part, on its use of the DASH protocol to deliver streaming video with advertisements.  *See* **Ex. F** (Cox Complaint, Ex. 6) at 9 (citing DASH playlist for "Sister Wives"); *id*. at 16 ("Cox Contour is configured to provide the content stream based on the [DASH] manifest").  Likewise, NovaCloud accuses Cox of infringing the '721 patent based on its back-end content delivery system, which allegedly employs ABR streaming to deliver content to users.  *See* **Ex. G** (Cox Complaint, Ex. 4) at 2 ("Adaptive Streaming Overview"); *id*. at 4 ("Adaptive streaming infrastructure prepare multiple quality versions"); *id*. at 7 ("Cox's transcoding infrastructure creates various quality versions, including lower quality throughput-optimized bitrate renditions and higher-quality bitrate renditions").

14.    On information and belief, NovaCloud knew its allegations against Cox—in which NovaCloud expressly defines Cox's "Accused Instrumentalities" as "including use of Comcast DAI"—would be objectively and reasonably interpreted as an implied assertion of infringement

---

[1] DASH stands for Dynamic Adaptive Streaming over HTTP.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

6108734

against Comcast. **Ex. D** at ¶ 28. In addition, among other ABR streaming technologies, Comcast implements the DASH standard in streaming content to users. Comcast also uses its own DAI technology specifically accused by NovaCloud in the Cox case. Accordingly, there is a substantial and immediate controversy between the parties concerning whether Comcast's infrastructure for and implementation of ABR streaming technology and DAI technology, including Comcast's X1 product line and associated network infrastructure for and implementation of ABR streaming and DAI technology ("Accused Products"), infringe or have infringed the NovaCloud patents.

15.     For example, Comcast's X1 product line offers an integrated cable TV and internet streaming service to Comcast customers. It operates through an X1 TV Box that is connected to Xfinity Internet and Xfinity TV service. The X1 product line uses Comcast's DAI technology. Comcast's back-end infrastructure and ABR streaming technology are used to deliver streaming media, including advertisements, to X1 TV boxes. On information and belief, NovaCloud is aware of Comcast's use of DAI and ABR streaming technology in connection with its X1 and other product lines.

16.     Comcast, directly and through operating subsidiaries, has operated, marketed, and/or sold one or more of the Accused Products, and will continue to operate, market, and/or sell one or more of the Accused Products in various markets across the United States, including in this District. Given this substantial and immediate controversy, Comcast seeks declaratory relief from this Court concerning its non-infringement of the NovaCloud patents.

### DIVISIONAL ASSIGNMENT

17.     Pursuant to Civil Local Rule 3-5(b), Comcast states that it is not aware of any basis for assignment to a particular location or division of the Court.

### COUNT I

**(Declaration of Non-Infringement of U.S. Patent No. 8,145,721)**

18.     Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

6108734

19.    Comcast has not infringed and is not currently infringing any claim of the '721 patent, including claim 14.

20.    For example, the Accused Products do not infringe and have not infringed claim 14 of the '721 patent, among other reasons, because they do not practice the requirement of a server comprising a processor adapted to "initiate a downloading via two bit streams upon receiving a second request from said user device to download a multimedia file."  To the extent any Accused Product includes a server with a processor adapted to initiate downloading of a multimedia file upon receiving a request from a user device, such downloading takes place using a single bit stream, not "via two bit streams."

21.    Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and NovaCloud relating to the non-infringement of the '721 patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT II

### (Declaration of Non-Infringement of U.S. Patent No. 8,949,206)

22.    Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

23.    Comcast has not infringed and is not currently infringing any claim of the '206 patent, including claims 1 and 14.

24.    For instance, the Accused Products do not infringe and have not infringed claims 1 and 14 of the '206 patent, among other reasons, because they do not practice the requirement of "manipulating at least one of the one or more source descriptor files based on the rules without transcoding the one or more source descriptor files to an adaptive stream format and without generating new content files to create the multiple descriptor files."  The Accused Products transcode incoming content files to generate new content files at multiple bit rates while generating the source descriptor files to be served.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

6108734

25.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and NovaCloud relating to the non-infringement of the '206 patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## COUNT III

### (Declaration of Non-Infringement of U.S. Patent No. RE47,612)

26.     Comcast repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27.     Comcast has not infringed and is not currently infringing any claim of the RE'612 patent, including claim 26.

28.     For instance, the Accused Products do not infringe and have not infringed claim 26 of the RE'612 patent, among other reasons, because they do not practice the requirement of "when the content stream segments contain advertising markers and the demographic information associated with the client is available . . . the advertisements . . . [are] determined based at least in part on the demographic information associated with the client" and "when the content stream segments contain advertising markers and the demographic information associated with the client is unavailable . . .  the advertisements . . . [are] determined from generic advertisements or local advertisements."  The Accused Products do not determine advertisements based on whether demographic information associated with the client is available or not available; instead, advertisements are determined using an algorithm that considers all available information.

29.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and NovaCloud relating to the non-infringement of the RE'612 patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

6108734

## REQUEST FOR RELIEF

WHEREFORE, Comcast respectfully requests that this Court enter judgment in its favor and against NovaCloud and grant the following relief:

1. A declaratory judgment that:

   a. Comcast has not infringed and does not infringe any claim of the NovaCloud patents; and

2. A determination that this is an exceptional case under 35 U.S.C. § 285;

3. An award of reasonable costs and attorneys' fees; and

4. Any other and further relief that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Comcast demands a trial by jury on all issues so triable.

Dated: May 8, 2026                                        KEKER, VAN NEST & PETERS LLP


                                                 By:    /s/ *Leo L. Lam*
                                                        LEO L. LAM
                                                        KATIE LYNN JOYCE
                                                        WILLIAM S. HICKS
                                                        SONJA N. RILEY-SWANBECK
                                                        CATHERINA Y. XU

                                                        Attorneys for Plaintiff
                                                        COMCAST CABLE
                                                        COMMUNICATIONS LLC

7
COMPLAINT FOR DECLARATORY JUDGMENT
Case No.
6108734